FILED

AUG - 8 2007

ENTERED

AUG 10 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAEWOO MOTOR AMERICA, INC., a Delaware corporation,<br><br>Debtor(s). | BK. No. LA: 02-24411-BB<br><br>ADV. No. LA: 03-02155-BB<br><br>Chapter 11 |
| DAEWOO MOTOR AMERICA, INC., a Delaware corporation,<br><br>Plaintiff(s),<br><br>v.<br><br>DAEWOO MOTOR CO., LTD,<br><br>Defendant(s). | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FURTHER AMEND; SCHEDULING ORDER**<br><br>Date: August 8, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1475 |

The motion of plaintiff Daewoo Motor America, Inc. ("DMA") for leave to file a second amended complaint (the "Motion") came on regularly for hearing before the Honorable Sheri Bluebond in Courtroom 1475 of the above-entitled Court on August 8, 2007 at 10:00 a.m. Appearances were as noted in the record at the time of hearing.

The Court, having considered the pleadings, declarations, memoranda, documents and evidence submitted by the parties and the arguments of counsel at the time of hearing, and having found:

1. It would be futile to permit the debtor to further amend its complaint to include the argument that defendant Daewoo Motor Co., Ltd. ("DWMC") should be estopped to assert any claims against DMA based on the (alleged) fact that DMA was allowed a claim for approximately $1.1 million in DWMC's Korean reorganization proceedings (the "Korean Case"), as DMA will not be able to make the showing necessary to persuade this Court that such an allowance, if it occurred, necessarily means that all of DWMC's claims against DMA have been satisfied or disallowed.

2. It would unnecessarily delay and complicate the adjudication of the above-entitled adversary proceeding to permit DMA to seek a declaration in this action that DMA holds an allowed claim in the Korean Case or that DWMC has wrongfully withheld payment of that alleged claim. To the extent that DMA wishes to present these arguments to this Court and believes that the United States Bankruptcy Court for the Central District of California has subject matter jurisdiction over such claims, it should commence a separate adversary proceeding against DWMC seeking such relief.

3. To the extent that DMA wishes to defeat any setoff argument that may have been advanced by DWMC in its answer to DMA's complaint by arguing, for example, that the automatic stay and/or the discharge injunction prohibited or prohibit DWMC from asserting or effectuating a setoff or that the requisite mutuality is lacking, DMA may present such defensive arguments without amending its complaint. The merits of DWMC's setoff arguments have already been put at issue in this adversary proceeding by virtue of the affirmative defenses alleged in DWMC's answer to complaint.

and other good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is denied in its entirety.

2. DMA shall file and serve not later than August 20, 2007 a second amended complaint, which shall be substantively identical to its first amended complaint in all material respects, except that it shall delete all claims for relief that the Court has previously dismissed and omit all allegations that this Court has previously held that DMA is precluded from asserting in this action.

3. DWMC shall file and serve a response to DMA's second amended complaint not later than September 7, 2007. If that response is in the form of a motion to dismiss, DWMC shall set the hearing on that motion for November 7, 2007 at 10:00 a.m. The deadlines for oppositions and replies shall be as set forth in the Local Bankruptcy Rules.

4. The Court shall conduct a status conference in the above-entitled adversary proceeding on November 7, 2007 at 10:00 a.m. The parties shall file a joint status report not later than October 24, 2007, unless (a) DWMC files a motion to dismiss rather than an answer to the complaint and (b) that motion is set for hearing on November 7, 2007 at 10:00 a.m., in which event the parties will be relieved of the obligation to file a joint status report in connection with the November 7, 2007 status conference.

Dated: 8/8/07

SHERI BLUEBOND
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was mailed on AUG 10 2007 to the parties listed below:

Carol S. Chow
Stutman, Treister & Glatt, PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Peter I. Ostroff
Sidley Austin LLP
555 West Fifth Street
Auite 4000
Los Angeles, CA 90013-1010

OUST
Attn: Russ Clementson
725 South Figueroa Street
Suite 2600
Los Angeles, CA 90017

Dated: AUG 10 2007

DEPUTY CLERK